1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

JOHN BELLETTI,

Petitioner,

12

13

14    vs.

15

16

17    W.L. MONTGOMERY, Warden, et al.,

18

19

20    Respondents.

21

| | |
|---|---|
| Civil No.    14-cv-1632 H (JMA) | |

**ORDER:**

**(1) GRANTING RESPONDENTS' MOTION TO DISMISS AND DENYING THE PETITION ON THE MERITS**

**[Doc. No. 12]**

**(2) DENYING PETITIONER'S MOTION FOR DECLARATORY JUDGMENT**

**[Doc. No. 9]**

**(3) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**[Doc. No. 22]**

22         On July 8, 2014, John Belletti ("Petitioner"), at that time a prisoner incarcerated at

23    Calipatria State Prison and proceeding pro se, filed a petition for habeas corpus pursuant

24    to 28 U.S.C. § 2254. (Doc. No. 1.)  Petitioner is now out of custody.[1]  On October 22,

25    2014, Respondents filed a motion to dismiss the petition. (Doc. No. 12.)  On November

26    6, 2014, Petitioner filed an opposition. (Doc. No. 15.)  Petitioner also filed a motion for

27    declaratory judgment. (Doc. No. 9.)  On January 29, 2015, the magistrate judge issued a

28

_____

[1]The parties did not raise any issues regarding mootness.

report and recommendation to grant Respondents' motion to dismiss and deny Petitioner's motion. (Doc. No. 22.) On January 30, 2015, the Court requested supplemental briefing in connection with the motion to dismiss. (Doc. No. 23.) On February 17, 2015, the government filed a supplemental brief. (Doc. No. 24.) Petitioner has neither filed objections to the report and recommendation nor responded to the Court's request for supplemental briefing.

### **Background**

Petitioner was determined guilty of fighting with another inmate in violation of the California Code of Regulations after a hearing on the charge. (Doc. No. 16-1 at 1, Lodgment No. 1, Rules Violation Report.) On December 20, 2012, Petitioner was assessed a ninety day credit loss and ninety day forfeiture of certain privileges such as use of the gym and telephone. (Id.)

Petitioner filed an appeal of the disposition three months later, on March 14, 2013. An inmate appeal must be submitted within thirty calendar days of the disposition. Cal. Code Regs. tit. 15, § 3084.8(b). Accordingly, the appeal was cancelled as untimely. (Doc. No. 16-3, Lodgment No. 3.) On April 2, 2014, Petitioner submitted his appeal for third-level review. (Doc. No. 16-2, Lodgment No. 2.) That appeal was rejected for failing to obtain review at the lower level. (Doc. No. 16-4, Lodgment No. 4.)

On April 5, 2013, Petitioner filed a petition for a writ of habeas corpus in Fresno County Superior Court. (Doc. No. 16-5, Lodgment No. 5.) The Fresno County Superior Court denied the petition for failure to exhaust administrative remedies and failure to show why the exhaustion requirement should not apply. (Doc. No. 16-6, Lodgment No. 6.) Petitioner next filed a petition for writ of habeas corpus in the Fifth District Court of Appeal. (Doc. No. 16-7, Lodgment No. 7.) The Court of Appeal denied the petition for failure to exhaust administrative remedies. (Doc. No. 16-8, Lodgment No. 8.) On August 26, 2013, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Doc. No. 16-9, Lodgment No. 9.) On November 12, 2013, the California Supreme Court denied the petition for failure to exhaust administrative remedies, citing

<u>In re Dexter</u>, 25 Cal. 3d 921 (1979).  (Doc. No. 10, Lodgment No. 10.)  Petitioner then filed additional petitions for habeas review in state court that were denied as successive. (Doc. Nos. 16-11–16-16, Lodgment Nos. 11-16.)

On July 8, 2014, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  Petitioner contends he was denied due process at the hearing where he was found guilty of fighting. (Doc. No. 1 at 22-31.)  Petitioner argues that he acted in self-defense and that the senior hearing officer failed to consider a DVD recording of the incident that supported his self-defense argument. (<u>Id.</u>)  On October 22, 2014, Respondent filed a motion to dismiss on the grounds that Petitioner failed to exhaust his administrative remedies by failing to timely appeal the decision of the senior hearing officer. (Doc. No. 12.)  On January 29, 2015, the magistrate judge issued a report and recommendation to grant Respondent's motion to dismiss. (Doc. No. 22.)  On January 30, 2015, the Court ordered supplemental briefing on whether  sufficient evidence supports the disposition for fighting and whether Petitioner suffered any prejudicial constitutional violations. (Doc. No. 23.)  On February 17, 2015, Respondents filed supplemental briefing. (Doc. No. 24.)  The Court has not received any objections from Petitioner nor has Petitioner filed supplemental briefing.

**<u>Discussion</u>**

**I.     Legal Standards**

**A.     Standard of Review Under 28 U.S.C. § 2254**

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>accord</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged . . . ." <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to," or "an unreasonable application" of Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1)-(d)(2).

A federal court may grant habeas relief only if a state court either "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Early v. Packer, 537 U.S. 3, 8 (2002); see also Williams, 529 U.S. at 405-06 (distinguishing the "contrary to" and the "unreasonable application" standards). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). "Although the Supreme Court has declined to decide whether a district court 'may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied,' an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." Sully v. Ayers, 725 F.3d 1057, 1075 (9th Cir. 2013) (citing Pinholster, 131 S. Ct. at 1411 n. 20).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable

application" of binding precedent must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21 (2003) (citation omitted); <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-76 (2003).  Additionally, even if a state court decision is "contrary to" Supreme Court precedent or rests on an "unreasonable determination" of facts in light of the evidence, the petitioner must show that such error caused substantial or injurious prejudice. <u>Penry v. Johnson</u>, 532 U.S. 782, 795 (2001) (quoting <u>Brecht</u>, 507 U.S. at 637-38); <u>see also</u> <u>Fry v. Pliler</u>, 551 U.S. 112, 121-22 (2007); <u>Bains v. Cambra</u>, 204 F.3d 964, 977 (9th Cir. 2000). AEDPA creates a highly deferential standard toward state court rulings. <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24 (2002).

In determining whether a state court decision is contrary to clearly established federal law, the court looks to the state's last reasoned decision. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002). Where there is an unexplained decision from the state's highest court, the court "looks through" to the last reasoned state judgment and presumes that the unexplained opinion rests upon the same ground.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 891-06 (1991).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." <u>Id</u>.

**B.      Standard of Review for Due Process Claim**

Under the Fourteenth Amendment "a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." <u>Serrano v. Francis,</u> 345 F.3d 1071, 1077 (9th Cir. 2003); <u>see also</u> <u>Wolff v. Donnell</u>, 418 U.S. 539, 564-71 (1974). The protections include "the rights to call witnesses, to present documentary evidence and to have a written statement by the fact finders as evidence relied upon and the reasons for the disciplinary action taken." <u>Serrano</u>, 345 F.3d at 1077; <u>see also</u> <u>Wolff</u>, 418 U.S. at 564-71.

But prison disciplinary proceedings need not afford the prisoner the "full panoply" of rights due in a criminal proceeding.  Wolff, 418 U.S. at 556.

Due process protections adhere only when the "disciplinary action implicates a protected [liberty] interest in some unexpected matter or imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Serrano, 345 F.3d at 1078 (citing Sandin v. Connor, 515 U.S. 472, 484 (1995)).  A liberty interest "may arise from the Constitution itself" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 546 U.S. 209, 221 (2005). Good-time credits are a protected liberty interest when the "State [has] created the right to good time and itself recogniz[es] that its deprivation is a sanction authorized for major misconduct." Wolff, 418 U.S. at 557.

A district court will uphold a prison disciplinary board's judgment that affects a protected liberty interest so long as "the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); see also Bruce v. Ylst, 351, F.3d 1283, 1287 (9th Cir. 2003). The "some evidence" standard prevents "arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." Walpole, 472 U.S. at 455.  This standard does not require "examination of the entire record, independent assessment of the credibility of the witness, or weighing of the evidence." Id. at 455; see also Bruce, 351 F.3d 1287.  Instead, the central question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Bruce, 351 F.3d at 1287 (citing Walpole, 472 U.S. at 455-56).

**II.    Analysis**

On November 28, 2012, correctional officers observed Petitioner "engaged in a fight" with another inmate. (Doc. No. 16-1 at 1, Lodgment No.1.)  Two correctional officers observed Petitioner "striking each other in the head and upper torso with their fists." (Id.) Petitioner fell to the ground and both inmates "continued to strike each other." (Id.)  Petitioner was charged with fighting in violation of Cal. Code Regs. tit. 15,  §

3005(d)(1).  (Id.)[2]  On December 4, 2012, Petitioner received the Rules Violation Report.  (Id. at 3.)  On the same day, Petitioner viewed the DVD recording of the incident.  (Doc. No. 1 at 40; Doc. No. 24-1, Lodgment No. 17.)

On December 7, 2012, the senior hearing officer held a hearing.  (Doc. No. 16-1 at 1, Lodgment No. 1.)  Petitioner was informed of the fighting charge and pleaded not guilty.  (Id. at 4.)  Petitioner then stated:  "So if I fight back, I'm going to be written up for fighting even though I received serious injuries.  It was self defense."  (Id.)  The senior hearing officer determined that Petitioner was guilty of fighting.  (Id. at 1.)

A district court will uphold a prison disciplinary board's judgment that affects a protected liberty interest so long as it is "supported by some evidence in the record," Walpole, 472 U.S. at 454; see also Bruce, 351 F.3d at 1287, and does not violate procedural due process requirements. See Wolff, 418 U.S. at 564-71. In this case, the evidence brought before the disciplinary hearing satisfies the "some evidence" standard. The senior hearing officer found that the evidence supported the disposition for fighting. The senior hearing officer relied on the report of a correctional officer who observed Petitioner and another inmate "engaged in a fight on the track area."  (Id. at 4.)  The officer reported that "[b]oth inmates were striking each other in the head and upper torso with their fists."  (Id.)  He noted that even though Petitioner fell the ground, "both inmates continued to strike each other."  (Id.)  The senior hearing officer also reviewed an additional report in which a second correctional officer observed Petitioner and another inmate "engaged in a physical altercation" and stated that the inmates were "striking each other about the head and torso."  (Id. at 5.)  The second correctional officer further reported that Petitioner fell to the ground and that the inmates "continued to punch at each other."  (Id.)  The senior hearing officer also relied on Petitioner's partial admission of guilt at the hearing where Petitioner stated, "So if I fight back, I'm going to be written up

---

[2]The code requires that "[i]nmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person."  Cal. Code Regs. tit. 15, § 3005(d)(1).

for fighting even though I received serious injuries.  It was self defense." (<u>Id.</u> at 4. )  The senior hearing officer also considered Petitioner's medical report issued after the incident detailing injuries to his right jaw . (<u>Id.</u>)  The senior hearing officer concluded that the "injuries [were] consistent with fighting." (<u>Id.</u>)  Accordingly, there is at least "some evidence" to support the disposition for fighting.  <u>See Hill</u>, 472 U.S. at 454.

Moreover, Petitioner received all of the limited process afforded in a disciplinary proceeding.  In a prison disciplinary proceeding where a liberty interest is at stake, as here, due process protections include "the rights to call witnesses, to present documentary evidence and to have a written statement by the fact finders as evidence relied upon and the reasons for the disciplinary action taken." <u>Serrano</u>, 345 F.3d at 1077.   Petitioner received the rules violation report within fifteen days of the incident and the hearing was conducted within 30 days of the incident. (Doc. No. 16-1 at 3.) Petitioner understood the charge against him and timely received the documents to be used against him at the hearing.  (<u>Id.</u>) Petitioner viewed the DVD recording of the incident before the hearing. (Doc. No. 1 at 40; Doc. No. 24-1.)  Petitioner did not request any witnesses or evidence be presented at the hearing.  (Doc. No. 16-1 at 3-4.)  Petitioner received a written statement of reasons for the disciplinary action and the evidence against him.  On the record before the Court, Petitioner has not suffered any violation of due process.  <u>See Serrano</u>, 345 F.3d at 1077.

Petitioner contends that the senior hearing officer should have considered the DVD recording of the incident as support of Petitioner's claim of self defense. (Doc. No. 1 at 22-31.)  But Petitioner does not show that the video would have changed the outcome of the proceeding.  Petitioner does not explain how the video, which supposedly shows that he acted in self defense, would have altered the disposition for fighting.  To the contrary, a document in Petitioner's file regarding the DVD states that the "videotape [is] incriminating evidence against [Petitioner]."  (Doc. No. 1 at 40; Doc. No. 24-1.)

Because at least some evidence supported the disposition for fighting, and because Petitioner did not suffer prejudice from a constitutional violation, the Court does not reach

14cv1632 H (JMA)

the arguments regarding procedural default.  See Batchelor v. Cupp, 693 F.2d 859, 864 (9th Cir. 1982).[3]

### **Conclusion**

For the foregoing reasons, the Court adopts the magistrates judge's report and recommendation, grants Respondents' motion to dismiss the petition for habeas corpus, and denies the petition on the merits.  The Court also denies Petitioner's motion for declaratory relief.  Additionally, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED: March 18, 2015

Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT

---

[3]Petitioner's inmate appeal also appears to be untimely.  See Cal. Code Regs. tit. 15, § 3084.8(b).  Furthermore, Petitioner has not shown good cause for the delay.

9

14cv1632 H (JMA)